UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-24216-CIV-Lenard/Goodman

LEEANN HOLDERBAUM,

    *Plaintiff*,

vs.

CARNIVAL CORPORATION,
a Panama corporation, d/b/a
"CARNIVAL CRUISE LINES",

    *Defendant.*
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DEEM HER EXPERT DISCLOSURE TO BE AMENDED

Defendant, Carnival Corporation ("Carnival"), by and through undersigned counsel hereby files its Response to Plaintiff's Motion to Deem her Expert Disclosure to be Amended [D.E. 73] and moves this Honorable Court for entry of an Order denying Plaintiff's Motion, and in support thereof states:

## INTRODUCTION

This is a maritime personal injury action in which the Plaintiff, LEEANN HOLDERBAUM ("Plaintiff"), seeks to recover for physical injuries allegedly sustained as a result of a trip and fall on the stairs onboard Carnival's vessel, the *Carnival Paradise* on August 29, 2013. [D.E. 37]. Plaintiff now seeks permission to use Carnival's liability expert Bryan Emond's ("Emond") opinions in her case-in-chief at trial. Carnival opposes the relief sought for two reasons. First, Plaintiff's designation of Bryan Emond as her own expert is untimely under the Federal Rules of Civil Procedure. Second, Plaintiff's attempt to use Carnival's expert in her own case-in-chief would be confusing to the jury, duplicative, and cause unfair prejudice to

Carnival. The cases relied upon by Plaintiff are inapposite to the circumstance before the Court and Plaintiff's Motion should be denied.

## MEMORANDUM OF LAW

**I. Plaintiff's motion is untimely and precluded by the Federal Rules of Civil Procedure**

As stated in *Chapman v. P&G Distrib.*, LLC, 766 F.3d 1296 (11th Cir. 2014), "[e]xpert witnesses, who are expected to testify at trial, must be identified in the Joint Pretrial Stipulation and must meet the procedural requirements of Federal Rule of Civil Procedure 26(a)(2), including time designations for supplying disclosures and reports, regarding expert testimony to be given." *Id.* at 1315. *Chapman* affirmed the District Court ruling that barred the plaintiff from using the defendant's experts at trial for being procedurally untimely. *Id.* In doing so, the Eleventh Circuit relied on Rule 26(a)(2)(D), which states in part that a party "must" disclose expert testimony at least 90 days before the date set for trial. *See* Fed. R. Civ. P. 26(a)(2)(D)(i). Given the broad discretion that a District Court possesses to exclude untimely disclosed expert-witness testimony, the Eleventh Circuit found such a procedural bar appropriate. *Id,* citing *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).

Here, pursuant to this Honorable Court's trial order [D.E. 17] any and all expert testimony to be relied upon by the Plaintiff at trial should have been disclosed on or before September 22, 2014. Plaintiff's motion was untimely filed on December 10, 2014. Accordingly, the motion should be denied.

**II. Plaintiff's attempt to use Carnival's expert in Plaintiff's case-in-chief would be confusing to the jury, duplicative, and cause unfair prejudice to Carnival**

In addition to her motion's untimeliness, Plaintiff should not be permitted to use Carnival's expert testimony in her case-in-chief because it would cause what some courts describe as an "explosive" prejudicial effect. Plaintiff retained her own liability expert and

2

permitting Plaintiff to use Carnival's expert would be duplicative and undoubtedly confuse the jury. Furthermore, the cases cited by the Plaintiff are inapposite to the present matter and for these reasons Plaintiff's motion should be denied.

As an initial matter, certain expert testimony Plaintiff seeks to use from Emond's deposition and introduce in her case-in-chief should not be admitted in either party's case. Plaintiff, either through her own expert Frank Fore[1] or Carnival's expert, intends to introduce testimony that the international Safety of Life at Sea (SOLAS) treaty is applicable at all times rather than in emergencies. This type of testimony should be excluded because it invades the province of the Court and is essentially a legal interpretation or a legal conclusion couched as expert opinion. Federal Rule of Evidence 704(a) precludes expert testimony on conclusions of law. *United States v. Long*, 300 Fed. Appx. 804, 814-815 (11th Cir. 2008) ("An expert witness may not testify as to his opinion regarding ultimate legal conclusions ... courts must remain vigilant against the admission of legal conclusions."); *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1112 (11th Cir. 2005) ("testifying experts may not offer legal conclusions" and "an expert witness may not substitute for the court in charging the jury regarding the applicable law"). This issue has been briefed in Defendant's Motion *in Limine* to Strike and Preclude the Testimony of Plaintiff's Expert Frank Fore, P.E. and Carnival incorporates by reference all arguments stated therein. *See* DE 64, VIII.

The remainder of the expert testimony Plaintiff wants to utilize in her case-in-chief would cause juror confusion and "explosive" unfair prejudice to Carnival. The case law cited by Plaintiff in her Motion is inapposite and utilizing the Eleventh Circuit's discretionary or

3

balancing standard, Plaintiff's should be precluded from adopting Carnival's expert as her own. *See Peterson v. Willie,* 81 F.3d 1033 (11th Cir. 1996).

Plaintiff cites to *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 237 (N.D. Iowa 1996) for the proposition that she may adopt portions of Emond's deposition transcript for use in her case-in-chief. *House* addressed a different issue though: deposing a non-testifying medical expert to use in the opposing parties' case-in-chief. Accordingly, many courts have distinguished *House* on its facts, viewing *House* as only applying to Rule 35 experts. *See R.C. Olmstead, Inc. v. CU Interface, LLC,* 657 F. Supp. 2d 899 (N.D. Ohio 2009); *Green v. Nygaard*, 213 Ariz. 460, 143 P.3d 393, 397 n.4 (Ariz. App. Div. 2006) (citing cases and noting distinctions). Indeed, no court appears to have adopted the *House* standard in a non-Rule 35 context which Emond's testimony is. *Id.* Nevertheless, the *House* court concluded, "the proper standard in these circumstances is a 'discretionary' standard, where the trial court's discretion is guided by a balancing of probative value against prejudice under Fed. R. Evid. 403" as articulated in *Peterson v. Willie,* 81 F.3d 1033 (11th Cir. 1996). *Id.* Plaintiff's reliance on *House* and *Crowe v. Nivison*, 145 F.R.D. 657 (D. Md. 1993) is misplaced as both of those cases involved Rule 35 experts who had been designated by the defendant and later withdrawn from defendant's trial list. Here, Emond is still retained and hired as Carnival's expert. Carnival intends on calling Mr. Emond to testify at trial. Carnival has not withdrawn or otherwise removed Mr. Emond from its trial list. Defendant cannot find, and Plaintiff does not cite, any authority which allows her to amend her expert witness disclosure and use the opposing party's

---

[1] Plaintiff's expert Frank Fore is subject to a *Daubert* challenge [D.E. 64] and Carnival expressly states that it is not waiving any of its arguments therein by arguing that Plaintiff has retained her own expert.

4

retained trial witness in her case-in-chief when the opposing party has not withdrawn or removed the expert from its trial list.

Furthermore, Plaintiff's position in her motion to amend her expert disclosures is wholly inconsistent with arguments in her Motion in Limine to Exclude or Limit the Testimony of Defendant's Expert Bryan Emond ("Motion in Limine"). [D.E. 73]. For example, in her Motion in Limine Plaintiff argues that Emond "possesses neither the expertise nor methodology" to render opinions about the subject handrail and that "[h]is bottom-line conclusion, that a graspable handrail would have made no difference, is thus classic *ipse dixit*, that should be precluded." *See* D.E. 73, pg. 7.2. However, in her motion to amend her expert disclosures Plaintiff states that Emond gives "outright endorsements of several of plaintiff's premises," and "wishes to be able to offer testimony by Mr. EMOND in her case-in-chief which should otherwise be allowable." D.E. 78, pg. 2.4. Plaintiff cannot have it both ways. *Pinder v. John Marshall Law Sch., LLC*, 11 F. Supp. 3d 1208 (N.D. Ga. 2014)(reasoning that the defendant cannot have it both ways, arguing that the plaintiffs were not entitled to any appeals allowed for those faculty members terminated "for cause," but then argue that other provisions of the Handbook apply to those faculty members terminated "for cause" in a discrimination suit against an employer.).

The danger of unfair prejudice flowing to Carnival is significant. First, as stated in *Peterson,* "[j]urors unfamiliar with the role of counsel in adversary proceedings might well assume that plaintiff's counsel had suppressed evidence which he had an obligation to offer. Such a reaction could destroy counsel's credibility in the eyes of the jury." *Id.* (quoting *Granger v. Wisner*, 134 Ariz. 377, 656 P.2d 1238, 1242 (1982)). The reverse rationale applies here. If Plaintiff is permitted to call Defendant's expert in her case-in-chief, Plaintiff will gain the benefit

of juror confusion regarding which expert is testifying for which party. *Peterson* referred to this potential prejudice as cited in other authorities as "explosive" when the jury learns that the expert called by one party had originally been hired by an opposing party. *Id.* (citing 8 Charles A. Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure: Civil § 2032, at 447 (1994)).

Here, Emond <u>is still retained and hired as Carnival's expert.</u> It logically follows that the likelihood of unfair prejudice is greater when the expert is still retained and will be offered by the opposing party. Instead of permitting Plaintiff to use Carnival's expert in her case-in-chief, which carries the inherent risk of tainting the expert's testimony and confusing the jury thereby prejudicing Carnival, this Court should direct the Plaintiff to obtain the desired testimony on cross-examination. *See Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 410 (D. Minn. 1999)("the court shares the concern articulated by several courts that have addressed the present issue, namely, the 'explosive' unfair prejudice that would likely result if the jury were to discover that the expert called by one party had originally been hired by the other."); *Zvolensky v. Ametek*, Inc., 142 F.3d 438, 1998 U.S. App. LEXIS 5074 (6th Cir. 1998)(the Sixth Circuit does not allow a party to call another party's expert as a witness).

Moreover, the unfair prejudice flowing to Carnival is magnified <u>given the fact that Plaintiff has her own liability expert</u> – Frank Fore. Surely, this Court cannot permit Plaintiff to present expert evidence on liability through two experts in the same field: such a practice is prohibited and excludable as cumulative under Fed. R. Evid. 403. Plaintiff's Motion insinuates that she is attempting to obtain liability expert opinions should this Court grant Carnival's *Daubert* Motion [D.E. 64] seeking to exclude Plaintiff's liability expert Frank Fore from testifying at trial. If Plaintiff is withdrawing her expert and attempting to use Carnival's, her

6

motion should be denied on grounds of unfair prejudice. If Plaintiff is relying on her expert, she cannot have two liability experts in the same field and her motion must be denied as use of Emond's testimony in addition to Fore's would be cumulative.

This Court should follow the rationale employed in *Emhart Indus. v. Home Ins. Co.,* 515 F. Supp. 2d 228 (D.R.I. 2007). There, the plaintiff argued a new trial was warranted because it was precluded from calling the defendant's expert physician at trial. *Id.* at 266. The Court held that because the defendant identified the expert in *voir dire* as a witness that it would call at trial -- a fact the jury was likely to remember - if plaintiff had called and questioned the expert instead, the jury might have inferred that defendant was trying to silence his opinion by not seeking it. The court deduced that as a consequence of the inference, the jury might have afforded unique and undue weight to the expert's opinion simply because he was called by defendant's adversary. *Id,* citing 8 Federal Practice and Procedure § 2032 at 447.

WHEREFORE Defendant Carnival Corporation respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion to Deem her Expert Disclosure Amended to Include Defendant's Liability Expert in her case-in-cheif, and for all other relief deemed just and proper under the circumstances.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Suite 2300, Miami, FL  33131 Tel: 305-358-6555/Fax: 305-374-9077**

CASE NO. 13-24216-CIV-Lenard/Goodman

Dated: December 29, 2014.
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY:   /s/*Andrew D. Craven*
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Andrew D. Craven, Esq.
Florida Bar No. 185388
acraven@fflegal.com
Samantha S. Loveland, Esq.
Florida Bar No. 92846
sloveland@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/   *Andrew D. Craven*
Andrew D. Craven, Esq.

8

CASE NO. 13-24216-CIV-Lenard/Goodman

**SERVICE LIST**
**CASE NO.  13-24216-CIV-Judge Joan A. Lenard/Magistrate Judge Jonathan Goodman**

Michael D. Eriksen, Esq.
mde@travelaw.com
Eriksen Law Firm
2161 Palm Beach Lakes Boulevard
Suite 410
West Palm Beach, FL  33409
Phone: 866-493-9902
Fax: 561-533-8715
*Attorneys for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Andrew D. Craven, Esq.
acraven@fflegal.com
Samantha S. Loveland, Esq.
sloveland@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for Defendant*